IN THE UNITED SATES DISTIT COURT

FOR THE EASTERN DISTICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                          Criminal Case No. 3:21-cr-57-HEH

OMARI MASON,
          Defendant.

## **MOTION**

The undersigned counsel for Defendant, Omari Keisaun Mason, moves this Court for leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and further moves this Court for an extension of time to allow the Mr. Mason to file any additional briefs in support or other motions/petitions if he so desires.

Opposing counsel has been informed of the intended filing of this motion and consents (or intends to file a response in opposition) to the granting of this motion.

_____
Charles R. Samuels, VSB #65899
4908 Monument Ave., Ste. 100
Richmond, Virginia 23230
804-677-7273
804-843-8523 (f)
crsamuels@gmail.com
*Counsel for Omari Keisaun Mason*

Certificate of Service

I, Charles R. Samuels, Counsel for Mr. Mason, do hereby certify that on Thursday, April 4, 2024, a true copy of this Motion and attached brief was mailed, first class, postage prepaid, to opposing counsel, Kenneth R. Simon, Jr., 2100 Jamieson

Avenue, Alexandria, VA 22314, (Kenneth.simon2@usdoj.gov) and to Omari Keisaun Mason, FCI Williamsburg, PO Box 340, Salters, SC 29590.

_____
Charles R. Samuels

IN THE UNITED SATES DISTIT COURT

FOR THE EASTERN DISTICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                         Criminal Case No. 3:21-cr-57-HEH

OMARI MASON,
                Defendant.

## **ANDERS PETITION RE DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

COMES NOW Charles R. Samuels, previously appointed by this Court on February 23, 2024, and having been instructed by this Court to either file a Motion for Sentence reduction or a Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), files this Ander's Motion and Brief regarding Defendant's Motion for Sentence Reduction.

**Statement of the Case**

The United States indicted Mr. Mason on May 19, 2021, on one count of Possession of a Firearm and Ammunition by a Convicted Felon and one count of Possession with Intent to Distribute Fentanyl and Eutylone. (EFC 1). On July 12, 2022, the parties entered into a Plea Agreement (EFC 31) which included a sentencing guideline calculation and an agreement that neither party agreed to "any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a)." (EFC 31 p. 3). Further, the agreement stated that it did "not limit the parties arguments as to any other Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing." (EFC 31 p. 3). Mr. Mason, his

Page **1** of 4

attorney, and the United States Attorney signed a "Statement of Facts" regarding the facts that led to his conviction. (EFC 32). After the conviction, Mr. Mason filed a number of pro se motions which were denied. (EFC 45- 50).

Mr. Mason filed a Motion to Amend on May 22, 2023. (EFC 47). The Court ruled that an attorney should be appointed and that some aspects of Mr. Mason's motion were more properly filed under a § 18 U.S.C. 2241 habeas petition. (EFC 51).

On November 21, 2023, this Court entered an order appointing counsel, setting a briefing schedule, and directing the Probation Office to Recalculate the Sentencing Guidelines. Further, this Court ordered that, within thirty days of the November 21, 2023, order, defense counsel should "file a Motion for Relief Pursuant to Section 603 of the Act." (EFC 51). Mr. Mason then filed a handwritten document on December 20, 2023, wherein he alleged he did not commit a crime due to sovereign citizen arguments. (EFC 54). On January 4, 2024, this Court ordered the United States' Attorney to file a response to the motion within sixty days of the order. Mr. Mason then has thirty days to respond. (EFC 56). On January 16, 2024, the Court granted Mr. Mason and his counsel at that time additional time to respond and set a February 10, 2024, deadline. (EFC 57). Prior counsel moved to withdraw. (EFC 59). The Court granted this motion on February 21, 2024. (EFC 60). The undersigned was then appointed on February 23, 2024. On March 3, 2024, the U. S. Attorney filed a Response in Opposition to Motion to Vacate Sentence. (EFC 61). This started the thirty day time frame for Mr. Mason's new counsel to file a response to the U. S. Attorney's opposition.

On March 8, 2024, the United States Probation Office filed a "Sentencing Guideline Recalculations" form. (EFC 63). This document reports that the guidelines do not change.

This Motion and Brief follows.

**Current Motion**

Mr. Mason titled his current Motion as a §2255 motion, however, in reviewing the document, and under the guidelines of an *Anders'* Brief, the undersigned argues that this motion, considering the history of this case, including past motions, should be considered as a §2255 Motion and a § 821 Motion.

**Argument**

Mr. Mason deserves a downward reduction from the original sentencing guidelines (51-63 months imprisonment). The Court sentenced Mr. Mason to the high end of the sentencing guidelines. When considering the factors provided in 18 U.S.C. 3553, Mr. Mason should have the opportunity through an additional brief to argue that the nature and circumstances of the offense and his history and characteristics suggest a downward departure is appropriate. While the criminal history of Mr. Mason is not short, there is no evidence he has caused problems since being in federal custody. The crime was the possession of a firearm after being convicted of a felony. There is no evidence the firearm was ever used. His time incarcerated has been appropriate to deter future criminal acts, which would protect the public from said acts.

The criteria for the Court to approve a reduction per an inmate's request under the new Amendment 821 standards remain the same as previously. See 18 USC § 3553. Mr. Mason's *pro se* motion shows he completed a drug education program and is enrolled in other classes as well. He is taking his time incarcerated as an opportunity to improve himself to reduce the risk of recidivism. He has become employed within the FCI, further showing his willingness to learn a skill and improve upon his situation.

**<u>Conclusion</u>**

Based on the foregoing argument, the undersigned moves this Court to grant his *Anders* motion, relieve the undersigned and provide appropriate time for Mr. Mason to supplement this motion as he sees fit.

Respectfully submitted,
Mr. Omari Mason
By Counsel

_____
Charles R. Samuels, VSB # 65899
Charles R. Samuels, Attorney at Law, PLLC
4908 Monument Ave., Ste.100
Richmond, VA 23230
804-677-7273 (c)
804-843-8523 (f)
crsamuels@gmail.com
*Counsel for Mr. Mason*

### Certificate of Service

I certify that on Thursday, April 4, 2024, I sent a true copy via first class mail and e-mail to:

Kenneth R. Simon, Jr., Esq.
2100 Jamieson Ave.
Alexandria, VA 22314

_____